## WEST'S EX'RS v. CAMERON COUNTY.
### (No. 1179—5169.)

Commission of Appeals of Texas, Section A.
March 13, 1929.

Williams, Neethe & Williams, of Galveston, James R. Dougherty, of Beeville, and Denman, Franklin & Denman, of San Antonio, for plaintiffs in error.

T. H. Miller, of George West, A. H. Kirby, of Fort Worth, King & York and John T. Smith, all of Austin, and Davenport, West & Ransome, of Brownsville, for defendant in error.

HARVEY, P. J. This suit was brought September 29, 1925, by Cameron county against Geo. W. West to recover the amount alleged to be due the county on a promissory note executed to it by West on June 10, 1884, payable ten years after date. Foreclosure of the vendor's lien on the land hereinafter mentioned is also sought. West died pending suit, and his executors have been made parties in his stead. The trial court rendered judgment in favor of the county for the sum of $102,206.33 on the note, with foreclosure of the lien. The Court of Civil Appeals has in effect, reformed and affirmed that judgment. 4 S.W.(2d) 111.

The material facts are undisputed. They are substantially as follows:

On June 10, 1884, Cameron county duly executed to West a deed to a league and a half of school land belonging to said county. For the purchase money, West executed his note for the sum of $20,000 being the note herein sued on. The vendor's lien was expressly retained in said deed to secure the payment of the note. On February 12, 1895, the note was past due, and the principal and a considerable amount of interest that had accrued thereon was unpaid. On that day the commissioners' court of Cameron county passed and entered upon its minutes the following order:

"On this 12th day of February, A. D. 1895 being a regular day of this a regular term and all the members of the Court being present, there came on to be heard the proposition of George W. West, to pay to this County the sum of Ten Thousand Dollars ($10,000.00) as principal, and the sum of Eight thousand four Hundred and Sixty Dollars ($8460.00) as interest aggregating the sum of Eighteen thousand four hundred and sixty Dollars (18460.00), in cash, in full settlement of his debt to this County evidenced by his promissory note for Twenty Thousand Dollars ($20,000.00) dated June 10th, A. D. 1884, and due ten (10) years thereafter and bearing interest from date paying annually at the rate of eight per cent. per annum, and which said sum of Eighteen 'thousand four hundred and Sixty Dollars ($18,460.00) is also to be paid by said West in compromise Settlement in full of his said indebtedness, and also in consideration of a conveyance of the title to the league of land and one half league of land hereinafter referred to. And thereupon in consideration of said proposition it was made to appear to the Court that on June 10th, A. D. 1884 James Haynes County Judge of Cameron County had, executed to the said West a deed of conveyance to these two (2) tracts of land in said conveyance recited to be in McMullen County, yet in truth and in fact in the County of Live Oak, which were granted to Cameron County, the first of which is a grant of twenty five million (25,000,000) square varas, being Survey No. 33 Patent No. 50 in Volume 14, and dated April 25th, 1862. And the Second of which is one of twelve million five hundred thousand (12,500,000.00) Square varas, being Survey No. 32, by Patent No. 526 in Volume 15 and dated April 24th, 1862, and which said conveyance to the said West is now of record in Live Oak County Deed Registry in Book "H" pages 320 to 326 inclusive. And it was further made to appear to the Court that the said West has made certain payments amounting to the sum of Eight thousand three hundred Dollars ($8300.00) upon said indebtedness to Cameron County, but that was now unable to pay and satisfy the full amount of which would be owing upon said promissory note, and in the opinion of the Court the said West is not only unable to

pay the full amount owing upon his said promissory note as above stated, but such amount of money cannot be made under execution against him, and that the only available property out of which the collection of the debt to this County could be enforced, are the two (2) grants of a league and a half of a league respectively hereinbefore specified and upon which the Vendor's Lien exists to secure the payment of said note, and that the said land is not probably worth, and would not bring at execution sale more than one dollar per acre. And it further appearing to the Court that there is a possible shortage in quantity of about one thousand acres in said land owing to conflicts with older grants, and that at least one Suit is now pending against the said West arising out of said conflicts. And it further appearing to the Court that the enforcement of said Vendor's Lien would be accompanied with great expense to this County, and, in the opinion of the Court the said two (2) tracts of land are not worth and would not sell for the said principal sum of Ten thousand Dollars, now offered by the said West and would not in any possible event bring the said sum now offered by the said West, for the settlement of said debt and in consideration of a conveyance of the title in fee simple to said two (2) grants, accordingingly it is considered by the Commissioners Court of Cameron County, that it is to the interest, in all things in the premises, of said County of Cameron and its School Fund, that the proposition of said West to pay said aggregate sum of Eighteen thousand four hundred and Sixty dollars ($18,460.00) in settlement of said indebtedness be and the same is hereby accepted and the Honorable Thomas Carson County Judge of Cameron County, Texas, is hereby expressly made, constituted and appointed the agent and attorney in fact of this County of Cameron and as such expressly authorized and directed upon the receipt by him from the said George W. West of said sum of Eighteen thousand four hundred and sixty dollars ($18460.00) to deliver to him the said West, the said promissory note for twenty thousand Dollars ($20,000.00) above mentioned and executed by the said West as satisfied in full and to release said vendor's lien now existing to secure its payment, and also to execute and deliver to the said West a deed of conveyance in fee simple with general covenants of warranty of the said grant to one league and said grant of one half of one league of land heretofore described."

On February 19, 1895, Thomas Carson, the county judge, executed to West the following deed in pursuance of the above order:

"The State of Texas, County of Cameron:

"Know all men by these presents: That whereas, heretofore, to-wit, on the 12th day of February, A. D. 1895, the Commissioners Court of Cameron County made and entered its certain order accepting from George W. West the sum of Eighteen Thousand Four Hundred and Sixty ($18,460) Dollars, in full settlement of all principal and interest now owing upon the promissory note of the said West of date June 10th, 1884, and due June 10th, 1894, for the principal sum of $20,000.00 and bearing eight (8) per cent. interest, payable annually, and did in consideration of said sum of $18,460.00 authorize and direct the undersigned County Judge of Cameron County to deliver to the said George W. West his said promissory note aforementioned, and to execute to him the said George W. West the release of the vendor's lien and the deed of conveyance hereinafter set forth;

"Now therefore, I, Thomas Carson, County Judge of Cameron County, Texas, in consideration of said sum of Eighteen Thousand Four Hundred and Sixty Dollars cash to me in hand paid for the County of Cameron by George W. West of Live Oak County, Texas, have and by these presents do acknowledge full payment and satisfaction of said promissory note for $20,000.00 above mentioned, and do release the vendor's lien which was retained to secure the payment of said note in the deed of conveyance of date June 10th, 1884, made by James Haynes, County Judge of Cameron County, to the said George W. West of the lands hereinafter described, which said conveyance is of record in Live Oak County Deed Registry in Book "H" pages 320 to 326 inclusive, and in consideration of the premises and by virtue of the authority given to me by said order of said Commissioners Court entered as aforesaid, in the name of the County of Cameron in the State of Texas, I grant, bargain, sell and convey unto the said George W. West, his heirs and assigns those two tracts of land which are more fully described in said deed recorded in said Book "H" pages 320 to 326 inclusive of Live Oak County Deed Registry, to which reference is here made, the same being a grant of 25,000,000 square varas, Survey No. 33, granted to Cameron County by Patent No. 50 in Vol. 14, dated April 25th, 1862, and a survey of 12,500,000 square varas, Survey No. 32, granted to Cameron County by Patent No. 526 in Vol. 15, dated April 24th, 1862.

"To have and to hold said conveyed premises, together with all and singular the rights, tenements and appurtenances thereto belonging unto the said George W. West his heirs and assigns, forever, And the said County of Cameron does bind itself to warrant and forever defend all and singular the said conveyed premises unto the said George W. West, his heirs and assigns against any and all persons claiming or to claim the same or any part thereof.

"In testimony whereof, I, the said Thomas Carson, County Judge of Cameron County, and acting for and in its behalf, have

executed these presents, and affix the seal of said County this 19th day of February, A. D. 1895."

At the time this deed was executed, West paid in cash to the county the $18,460 mentioned in the deed; and the note in suit here was delivered to West and he retained same till his death. The note was introduced in evidence by the county in the court below. When the note was introduced in evidence, lines had been drawn with pen and ink through the signature of West, and the notation, "Paid in full," appeared on the note in the handwriting of West.

By virtue of the provisions of section 55 of article 3 of the state Constitution, a county is restrained from releasing or extinguishing, in whole or in part, any indebtedness, liability, or obligation of any individual to such county. It is urged here that the transaction reflected by the order of the commissioners' court, quoted above, and the deed made to West in pursuance of that order, constituted an attempt to release West, in violation of the above constitutional provision, from liability under his note of June 10, 1884. This contention requires consideration, along with the above constitutional provision, of that part of section 6 of article 7 of the Constitution which reads as follows: "Each county may sell or dispose of its lands in whole or in part, in manner to be provided by the Commissioners' Court of the county."

It is not thought that the power here expressly conferred on the county to sell its lands in such manner as may be provided by the commissioners' court is restricted, by virtue of the provisions of section 55 of article 3, to executed sales. This last-named section does not have effect to restrain a county from contracting an executory sale of its lands, such as results when the vendor's lien is expressly reserved to secure payment of the purchase money, or from disaffirming such a sale upon breach of the other party's obligation under the contract. In case of such a disaffirmance by the county, no liability to the county for the purchase money can survive. This results, of course, as an incident to the exercise by the county of the right, reserved in the county, to disaffirm the sale.

The sale of the land to West in 1884 was an executory sale. On February 12, 1895, West had defaulted in the payment of the purchase money under that sale. The county, therefore, had the right and power to disaffirm such sale and to make a new sale of the lands upon such terms as the commissioners' court, in the exercise of its discretion, might provide. In effect, this was done. The action of the commissioners' court, on the date last mentioned, and the deed conveying the land to West for the sum of $18,460 cash, had the effect of a disaffirmance by the county of the previous sale, and effected a new sale to

West. Waggoner v. Wise County, 17 Tex. Civ. App. 220, 43 S. W. 839 (writ refused). See Delta County v. Blackburn, 100 Tex. 55, 93 S. W. 419.

We recommend that the judgment rendered by the trial court against the executors of the estate of Geo. W. West, deceased, and that of the Court of Civil Appeals affirming same, be reversed, that the defendant in error take nothing by its suit against said executors, and that judgment to this effect be here rendered.

CURETON, C. J. Judgments of the district court and Court of Civil Appeals reversed, and judgment rendered for plaintiffs in error.